```
                UNITED STATES DISTRICT COURT          FILED
                NORTHERN DISTRICT OF ALABAMA          04 SEP 22 PM 2:00
                    NORTHEASTERN DIVISION
                                                     U.S. DISTRICT COURT
                                                     N.D. OF ALABAMA
```

**DAN FOX,**                    )
*et al.*,                       )
                                )
    **Plaintiffs,**       )
                                )
vs.                             )   Civil Action No. CV-04-S-1345-NE
                                )
**CITY OF HUNTSVILLE,**         )
**ALABAMA**                     )
                                )
    **Defendant.**        )

## MEMORANDUM OPINION

This action is before the court on defendant's motion to dismiss one of plaintiffs' two claims.

Plaintiffs are Dan Fox, Ken Guffey, Paul Jones, Phil Kramer, Charlie Lifer, Randy Mearse, Coleman Sanders, Floyd Smith, Danny Vaughn, and Dan Archambault. Each is a police officer in the City of Huntsville, Alabama, the sole defendant.

Beginning in January of 2002, defendant assigned plaintiffs to work in the so-called "Traffic Task Force." Plaintiffs allege that a City of Huntsville ordinance required defendant to give all officers working in the Task Force a five percent increase in their respective base rates of pay.[1] Section 8.7 of the City of Huntsville

---

[1] Doc. no. 1 (appended complaint, at ¶ 4).



Personnel Policies and Procedures Manual, Ordinance No. 97-216, reads in pertinent part as follows:

> Police Officers, while serving at the direction of the Chief of Police in a special assignment capacity to Criminal Intelligence Division, Organized Crime Bureau, Crime Scene, Internal Affairs, Special Response or other comparable assignment as determined by the Chief of Police, shall receive a 5 percent higher rate of pay than the established rate of pay for the employee.

Plaintiffs argue that the ordinance constituted a contract, and that defendant breached this agreement by failing to give plaintiffs their mandatory increase in pay.[2]

Plaintiffs first filed a grievance with the Personnel Committee of the City of Huntsville ("Personnel Committee") in accordance with the procedures set out in the City's employment manual.[3] The Personnel Committee found sufficient evidence to support plaintiffs' claim, but concluded that it lacked the authority to award plaintiffs additional or retroactive pay. The Committee accordingly "recommended" that the Chief of Police re-evaluate plaintiffs' pay.[4] Plaintiffs appealed that decision to the City Council, but the Council concluded that the following ordinance barred plaintiffs' grievance: "A grievance shall not be filed to: (1) contest the validity of an adopted, approved ordinance or a properly enacted resolution of the City

---

[2] Doc. no. 1 (appended complaint, at ¶¶ 11-15).

[3] *See* doc. no. 1 (appended complaint, at Exhibit 2, City of Huntsville Personnel Policies and Procedures Manual, Section 14 ("Grievance Policy and Procedure")).

[4] Doc. no. 1 (appended complaint, at Exhibit 1).

Council."[5] According to the City Council, plaintiffs' grievance fell under this particular prohibition.[6]

Plaintiffs then commenced this action in the Circuit Court for Madison County, Alabama. The first count of their complaint alleged that defendant's failure to award each plaintiff additional pay for working on the Traffic Task Force constituted a breach of the terms of their employment contract.[7] The second count alleged that defendant's City Council failed to adhere to required procedures when considering plaintiffs' grievance.[8]

With regard to the latter claim, plaintiffs argued that they appealed one, and only one, issue to the City Council: *i.e.*, whether the Personnel Committee lacked authority to award plaintiffs retroactive or additional pay.[9] According to plaintiffs, the City Council improperly "disregarded the findings of the Personnel Committee, and made a decision based upon issues that were not before them, and failed to rule on the issues that were before them."[10] Plaintiffs alleged that the City Council thereby violated procedures set out in the city's own ordinances, depriving plaintiffs

---

[5]Doc. no. 1 (appended complaint, at Exhibit 2, City of Huntsville Policies and Procedures Manual, Section 14.1, Ord. no. 94-375).
[6]Doc. no. 1 (appended complaint, at Exhibit 3).
[7]Doc. no. 1 (appended complaint, at ¶¶ 11-15).
[8]Doc. no. 1 (appended complaint, at ¶¶ 16-21).
[9]Doc. no. 1 (appended complaint, at ¶ 19).
[10]Doc. no. 1 (appended complaint, at ¶ 10).

of their constitutionally-protected right to procedural due process. Plaintiffs grounded this claim in both state and federal law, requesting the Circuit Court for Madison County to "find and hold that the Plaintiffs have suffered deprivation of Constitutional Rights as guaranteed under the 14th Amendment of the Constitution of the United States of America and of the Constitution of the State of Alabama, and 42 U.S.C. § 1983."[11]

Defendant timely removed the case to this court on the grounds that plaintiffs' reliance on 42 U.S.C. § 1983 as the remedial basis for the second count of their complaint triggered this Court's federal question jurisdiction under 28 U.S.C. § 1331.[12] Defendant further asserted that plaintiffs' state-law breach of contract claim formed part of the same case or controversy as the due process claim, thereby permitting this court to exercise supplemental jurisdiction of it under 28 U.S.C. § 1367(a).[13]

Defendant now asks this court to dismiss plaintiffs' procedural due process

---

[11]Doc. no. 1 (appended complaint, at ¶ 22(A)).

[12]Doc. no. 1, at ¶ 4.

[13]Doc. no. 1, at ¶ 5. 28 U.S.C. § 1367(a) provides: "Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties."

claim pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted.[14]

Plaintiffs did not directly respond to defendant's motion; instead, they filed a "Motion to Remand," in which they conceded that the "federal due process claim is *not ripe* for federal adjudication."[15] Plaintiffs request this Court to "dismiss only the 42 U.S.C. § 1983 claim, *without prejudice*, and remand this case to the Circuit Court of Madison County, Alabama."[16] Defendant argues the claim should be dismissed *with prejudice*.[17]

## I. DISCUSSION

### A. Reaching the Merits of the Federal Procedural Due Process Claim

Two members of an Eleventh Circuit panel have expressed the opinion that district courts should resolve the merits of procedural due process claims brought before them, regardless of whether the action was filed originally in federal court, or removed from state court. *See Horton v. Board of County Commissioners of Flagler County*, 202 F.3d 1297, 1302 (11th Cir. 2000) (majority opinion) (*dicta*) (construing *McKinney v. Pate*, 20 F.3d 1550 (11th Cir. 1994) (*en banc*)). In *Horton*, plaintiffs

---

[14]Doc. no. 3.
[15]Doc. no. 5, at 2 (emphasis supplied).
[16]Doc. no. 5, at 2 (emphasis supplied).
[17]Doc. no. 6.

commenced an action in state court, claiming that a county Board of Commissioners had deprived them of substantive due process, procedural due process, and equal protection by establishing a moratorium that prevented plaintiffs from developing their land. Plaintiffs also claimed the Commissioners had violated Florida's constitution and statutes. *Id.* at 1298. Defendants removed the action to federal court, which dismissed plaintiffs' equal protection and substantive due process claims on the merits, but remanded their procedural due process and state law claims to state court. *Id.* at 1299.

In *dicta*, a majority of the Eleventh Circuit panel concluded that the district court erred by remanding the procedural due process claim, saying "the federal court decides the federal procedural due process claim; that claim is not sent back to state court." *Id.* at 1300. Stated differently, the district court "should have reached a decision, one way or the other, on the merits." *Id.* at 1302.

The majority in *Horton* also discouraged courts from dismissing procedural due process claims, without prejudice, on the grounds that such claims are "unripe" for federal adjudication. Construing *McKinney v. Pate*, 20 F.3d 1550 (11th Cir. 1994) (*en banc*), the majority opinion said:

> We did not tell [plaintiff] McKinney his federal [procedural due process] claim was unripe and dismiss it without prejudice to his pursuing that claim in state court. Instead, we told him that he lost. We told

>McKinney that he did not have a viable federal due process claim, and we told him the reason.

*Horton*, 202 F.3d at 1301.

In accordance with this guidance, the court cannot dismiss plaintiffs' procedural due process claim without prejudice, as plaintiffs request. Rather, it must reach the merits of that claim.

**B.    The *McKinney* Test:   Determining Whether Plaintiffs Were Denied Procedural Due Process**

In *McKinney*, the Board of County Commissioners of Osceola County, Florida terminated McKinney from his employment as County Building Official. 20 F.3d at 1555. McKinney brought suit alleging that the Board had fired him without reason, thereby violating his "constitutional employment rights" and denying him "substantive due process of law." *Id.* The court first determined that McKinney's claim implicated procedural and not substantive due process protections. The court then identified the appropriate test for evaluating McKinney's procedural due process claim: "even if McKinney suffered a procedural deprivation at the hands of a biased Board at his termination hearing, he has not suffered a violation of his procedural due process rights unless and until the State of Florida refuses to make available a means to remedy the deprivation." *Id.* at 1563.

*Horton* construed this language to mean that "the process a state provides is not

only that employed by the board, agency, or other governmental entity whose action is in question, but also includes the remedial process state courts would provide if asked." 202 F.3d at 1300. Stated differently:

> The *McKinney* rule looks to the existence of an opportunity — to whether the state courts, if asked, generally would provide an adequate remedy for the procedural deprivation the federal court plaintiff claims to have suffered. If state courts would, then there is no federal procedural due process violation regardless of whether the plaintiff has taken advantage of the state remedy or attempted to do so. If state courts generally would not provide an adequate remedy for that type of procedural deprivation, then the federal court determines whether the Fourteenth Amendment Due Process Clause requires such a remedy, and if it does, the federal court remedies the violation.

*Id.*

Here, plaintiffs contend they were denied procedural due process because the City Council "disregarded the findings of the Personnel Committee, and made a decision based upon issues that were not before them, and failed to rule on the issues that were before them," thereby violating its own rules for adjudicating grievances.[18]

The pivotal question is whether plaintiffs could seek review of the City Council's alleged procedural violation in the state courts of Alabama. Plaintiffs concede they can seek state court review. As stated in their Motion to Remand, "on July 1, 2004, the Defendant filed a motion to dismiss [plaintiffs'] federal due-process claim under 42 U.S.C. § 1983. The motion correctly states that *state court procedure*

---

[18]Doc. no. 1 (appended complaint, at ¶ 10).

*has not been exhausted.*"[19]

Plaintiffs did not elaborate on the nature of those state court procedures that have not been "exhausted," but defendant has argued that plaintiffs could file a "common-law writ of certiorari" in state court to address the action (or, perhaps more accurately stated, the *inaction*) of the City Council. Under Alabama state law, "where a statute 'provides no right of appeal or statutory certiorari, the common law writ of certiorari is the only available means of review.'" *Fields v. State of Alabama*, 534 So. 2d 615, 616 (Ala. Civ. App. 1987) (quoting *Ex parte Smith*, 394 So. 2d 45, 48 (Ala. Civ. App. 1981)). Alabama courts most often grant common-law writs of certiorari to review decisions of administrative, quasi-judicial bodies. *Webb v. State of Alabama*, 850 F.2d 1518, 1522 (11th Cir. 1988). On review, the state court's primary task is to determine whether the decision of the lower adjudicative body was supported by sufficient, legal evidence, and, whether it correctly applied pertinent law to the facts. The state court also is "responsible for reviewing the record to ensure that the fundamental rights of the parties, including the right to due process, [has] not been violated." *Evans v. City of Huntsville*, 580 So. 2d 1323, 1325 (Ala. 1991).

In *Fuqua v. City Council of Ozark*, 567 So. 2d 354 (Ala. Civ. App. 1990), an employee of the City of Ozark, Alabama, filed a common-law writ of certiorari to

---

[19]Doc. no. 5, at ¶¶ 2-3 (emphasis supplied).

dispute the city council's decision to terminate her employment. *Id.* at 356. In *Personnel Board of Jefferson County v. Bailey*, 475 So. 2d 863 (Ala. Civ. App. 1985), a state court granted common-law writ of certiorari to determine whether a county grievance committee had appropriately reinstated an employee to his original duties. *Id.* at 867.

Based on plaintiffs' concession and the apparent availability of the common-law writ of certiorari to review the decisions complained of, plaintiffs never had a cognizable procedural due process claim. Plaintiffs hinge their due process claim on an allegation that the City Council failed to follow its own grievance procedures. That fact, if it be a fact, does not alone constitute a procedural due process violation, as explained by Eleventh Circuit precedent. What matters is that plaintiffs may seek state court review; and here, plaintiffs concede that such review is available to them. The court therefore dismisses plaintiffs' procedural due-process claim *with prejudice*.

### C.  Plaintiffs' Remaining State-Law Breach of Contract Claim

In cases where the court's jurisdiction is based solely upon a federal question, the district court has discretion to entertain state claims that are supplemental to the federal claim. *See* 28 U.S.C. § 1367(a).[20] The district court may decline to exercise

---

[20] 28 U.S.C. § 1367(a) provides that:

(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have

supplemental jurisdiction when:

>   (1)   the claim raises a novel or complex issue of state law,
>
>   (2)   the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
>   (3)   the district court has dismissed all claims over which it has original jurisdiction, or
>
>   (4)   in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

The Supreme Court added a gloss to this statutory language in *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988), when observing that

> a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving [supplemental] state-law claims. When the balance of these factors indicates that a case properly belongs in state court, *as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain*, the federal court *should decline* the exercise of jurisdiction by dismissing the case without prejudice.

*Id.* at 349-50, 108 S. Ct. at 618 (emphasis supplied) (citing *United Mine Workers of*

---

original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

*America v. Gibbs*, 383 U.S. 715, 726-27, 86 S. Ct. 1130, 1139, 16 L. Ed. 2d 218 (1966)).

Here, the court dismisses plaintiffs' procedural due process claim, leaving only plaintiffs' state-law breach of contract claim. Nothing indicates that the court should deviate from the traditional rule, that in "the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine — judicial economy, convenience, fairness, and comity — will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon*, 484 U.S. at 350 n.7, 108 S. Ct. at 619 n.7; *see also, e.g., L.A. Draper & Son V. Wheelabrator-Frye, Inc.*, 735 F.2d 414, 428 (11th Cir. 1984) (stating that "if the federal claims are dismissed prior to trial, *Gibbs* strongly encourages or even requires dismissal of state claims").

## II. CONCLUSION

The court therefore dismisses plaintiffs' procedural due process claim with prejudice, and remands plaintiffs' breach of contract claim to the Circuit Court for Madison County, Alabama. In their original complaint, plaintiffs also stated that they suffered deprivation of due process "as guaranteed under...the Constitution of the State of Alabama" (doc. no. 1, attached complaint, ¶ 22(A)). To the extent that plaintiffs have claims cognizable under the Alabama Constitution which are not

addressed by this opinion, and which, in the interest of comity, are best addressed by the state court judge to whom this case is assigned, they too are remanded.

DONE this 22nd day of September, 2004.

_____
United States District Judge